### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **In re:** | ) | **BANKRUPCTY CASE** |
| | ) | **NO. 22-41117-drd-13** |
| **CASSI JANNEL WATSON** | ) | |
| | ) | **ADVERSARY CASE NO.** |
| Debtor(s) | ) | |
| | ) | |
| | ) | |
| **RICHARD V. FINK, STANDING** | ) | |
| **CHAPTER 13 TRUSTEE,** | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **CARVANA LLC** | ) | |
| **1930 W. RIO SALADO PKWY** | ) | |
| **TEMPE, AZ 85281** | ) | |
| | ) | |
| **CARVANA LLC/BRIDGECREST** | ) | |
| **c/o AIS PORTFOLIO SERVICES, LLC** | ) | |
| **4515 N. SANTA FE AVE.** | ) | |
| **DEPT. APS** | ) | |
| **OKLAHOMA CITY, OK 73118** | ) | |
| | ) | |
| **CARVANA LLC** | ) | |
| **PO BOX 29002** | ) | |
| **PHOENIX, AZ 85038** | ) | |
| | ) | |
| **CARVANA LLC** | ) | |
| **c/o CSC-LAWYERS INCORPORATING** | ) | |
| **SERVICE COMPANY** | ) | |
| **221 BOLIVAR ST.** | ) | |
| **JEFFERSON CITY, MO 65101** | ) | |
| | ) | |
| Defendant(s). | ) | |

### COMPLAINT TO AVOID PREFERENTIAL TRANSFER

COMES NOW, Plaintiff, Richard V. Fink, the Standing Chapter 13 Trustee for the Western District of Missouri ("Plaintiff") by and through his counsel, and for his Complaint to Avoid Preferential Transfer against Carvana LLC ("Defendant") states as follows:

1) Richard V. Fink is the duly qualified and acting trustee in the above referenced case.

2) This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157.

3) This is a statutorily and constitutionally core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(F). Venue properly lies in this judicial district pursuant to 28 U.S.C. §1409(a), in that the instant adversary proceeding is related to the above-captioned case under title 11 of the United Sates which is still pending.

4) Plaintiff brings this proceeding to avoid a preferential transfer pursuant to 11 U.S.C. §547.

5) On September 6, 2022, Cassi Jannel Watson ("Debtor") filed for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code.

6) Debtor is an individual who resides at 2213 Corbin Crt., Excelsior Springs, Missouri.

7) Defendant is the entity that is the current holder of a Loan Agreement with Debtor executed on or around July 14, 2022.

8) Defendant filed claim 8 on November 15, 2022 in the amount of $21,187.91. The claim is listed as secured by a 2017 Kia Forte with VIN 3KPFK4A79HE091344 (the "Vehicle"). Pursuant to the proof of claim, the noticing address is Carvana, LLC/Bridgecrest c/o AIS Portfolio Services, LLC, 4515 N. Santa Fe Ave., Dept. APS, Oklahoma City, OK 73118.

9) According to information Plaintiff obtained from the Missouri Department of Revenue, no Notice of Lien has been filed by Defendant.

10) According to information Plaintiff obtained from the Missouri Department of Revenue, Debtor titled the Vehicle with Defendant listed as the lienholder on or around August 29, 2022.

11) Defendant's security interest in the Vehicle was perfected by the act of Debtor titling the Vehicle on August 29, 2022, more than 30 days from the contract date.

12) The State of Missouri Certificate of Title lists the lien date as March 21, 2022, which appears to be a typographical error based on the proof of claim documentation showing the contract date as July 14, 2022 and the Original Motor Vehicle Title Receipt also showing the purchase date and lien date as July 14, 2022.

13) Defendant's security interest in the vehicle was perfected within the 90-day period prior to the filing of the bankruptcy petition but outside of the 30 days allowed for the perfection of such interest pursuant to 11 U.S.C. §547(b) & (c)(3)(B).

14) The transfer was to or for the benefit of Defendant and was for or on account of an antecedent debt owed by Debtor before such transfer was made.

15) Pursuant to §547(e)(2)(B), the transfer occurred on August 29, 2022, the date that the security interest was perfected.

16) Said transfer was made while Debtor was insolvent.

17) Said transfer will enable Defendant to recover more than it would receive as a creditor if:

   a. The bankruptcy case was a case under Chapter 7 of Title 11 of the United States Code;
   b. The transfer had not been made; and
   c. The Defendant received payment of the debt to the extent provided by the provisions of said Title 11.

18) The trustee is entitled to avoid this alleged transfer pursuant to 11 U.S.C. §547(b) as more than 30 days passed from the purchase date to the Certificate of Title date and the transfer date is within 90 days of the petition date.

WHEREFORE Plaintiff prays for judgment as follows:

1) An order avoiding the aforesaid preferential transfer; and

2) An order allowing the trustee to treat claim 8 or any amended claim filed by Defendant as a non-priority unsecured claim; and

3) An order preserving the property for the benefit of the bankruptcy estate as provided in 11 U.S.C. §550 and/or §551.

4) For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Dana M. Estes*
Dana M. Estes, #47540
Staff Attorney
Office of the Chapter 13 Trustee for the
Western District of Missouri
Richard V. Fink, Trustee
2345 Grand Blvd., Ste. 1200
Kansas City, Mo. 64108-2663

Dated: November 30, 2022