# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **In re:** | ) | **BANKRUPCTY CASE NO. 22-41117-drd-13** |
| | ) | |
| **CASSI JANNEL WATSON** | ) | |
| | ) | **ADVERSARY CASE NO. 22-4035-drd** |
| Debtor(s) | ) | |
| | ) | |
| | ) | |
| **RICHARD V. FINK, STANDING CHAPTER 13 TRUSTEE,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **CARVANA LLC** | ) | |
| **1930 W. RIO SALADO PKWY** | ) | |
| **TEMPE, AZ 85281** | ) | |
| | ) | |
| **CARVANA LLC/BRIDGECREST** | ) | |
| **c/o AIS PORTFOLIO SERVICES, LLC** | ) | |
| **4515 N. SANTA FE AVE.** | ) | |
| **DEPT. APS** | ) | |
| **OKLAHOMA CITY, OK 73118** | ) | |
| | ) | |
| **CARVANA LLC** | ) | |
| **PO BOX 29002** | ) | |
| **PHOENIX, AZ 85038** | ) | |
| | ) | |
| **CARVANA LLC** | ) | |
| **c/o CSC-LAWYERS INCORPORATING** | ) | |
| **SERVICE COMPANY** | ) | |
| **221 BOLIVAR ST.** | ) | |
| **JEFFERSON CITY, MO 65101** | ) | |
| | ) | |
| Defendant(s). | ) | |

## **ORDER**

COMES NOW Richard V. Fink, the Standing Chapter 13 Trustee, and Creditor, Bridgecrest Credit Company LLC, Servicer for Carvana, LLC, by and through counsel, and hereby stipulate and agree as follows:

1) On November 30, 2022, Plaintiff Richard V. Fink ("Trustee") filed adversary complaint 22-4035-drd against Defendant Carvana LLC ("Carvana").

2) The complaint sought to avoid the transfer by Cassi Jannel Watson ("Debtor") to Carvana regarding the granting of a security interest in a 2017 Kia Forte with VIN 3KPFK4A79HE091344 ("Vehicle").

3) The parties hereto acknowledge that:

   a. On or about July 14, 2022, Debtor executed a Loan Agreement regarding the Vehicle. Carvana is the current holder of the Loan Agreement.

   b. According to Missouri Department of Revenue's records, no Notice of Lien has been filed by Bridgecrest Credit Company LLC, Servicer for Carvana, LLC.

   c. On or around July 25, 2022, the State of Missouri Motor Vehicle and Driver License Office received an Application for State of Missouri Certificate of Title for the Vehicle.

   d. Carvana's security interest in the Vehicle was perfected by the act of Debtor titling the Vehicle on August 29, 2022, more than 30 days from the contract date.

   e. Carvana's security interest in the Vehicle was perfected within the 90-day period prior to the filing of the bankruptcy petition but outside of the 30 days allowed for the perfection of such interest pursuant to 11 U.S.C. §547(b) & (c)(3)(B).

   f. Debtor filed for relief under Chapter 13 of Title 11 of the United States Code on September 6, 2022 and was insolvent at the time of the transfer.

   g. The perfection of the security interest was a transfer for or on account of an antecedent debt owed by Debtor before said transfer was made and would allow Carvana to receive more than Bridgecrest Credit Company LLC, Servicer for Carvana, LLC would receive if the Debtor filed a case under Chapter 7 of Title 11 of the United States Code.

   h. The Trustee asserts that the security interest of Carvana in the Vehicle is avoidable under 11 U.S.C. §547 and that the property may be preserved for the benefit of estate pursuant to 11 U.S.C. §550 and §551.

   i. In order to avoid the costs and uncertainty of litigation under 11 U.S.C. §547, this Order is a compromise of the above captioned adversary proceeding and is not to be construed as an admission by Bridgecrest Credit Company LLC, servicer for Carvana, LLC that the lien of Carvana was not properly perfected or avoidable.

IT IS THEREFORE ORDERED:

1) Carvana's lien on the 2017 Kia Forte with VIN 3KPFK4A79HE091344 is avoided pursuant to 11 U.S.C. §547 and the property is preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §550 and §551.

2) For the purposes of Debtor's Chapter 13 case, Bridgecrest Credit Company LLC, Servicer for Carvana, LLC claim 8 or any amended claim shall be treated by the Trustee as a non-priority unsecured claim.

3) Pursuant to the Local Rules of Practice for the United States Bankruptcy Court for the Western District of Missouri, Debtor will be required to maintain insurance on the Vehicle as provided for in Local Rule 4070-1. If Debtor suffers a casualty loss related to the Vehicle, the procedure for disbursement of insurance proceeds pursuant to Local Rule 3091-1 shall be followed.

4) Upon successful completion of a Chapter 13 plan by Debtor, Bridgecrest Credit Company LLC, Servicer for Carvana, LLC will execute and deliver to Debtor a release of lien.

5) In the event that Debtor's Chapter 13 bankruptcy case is dismissed, Carvana's security interest shall, as provided in 11 U.S.C. §349(b), remain unaffected by the bankruptcy or this Order. Any payments made to Bridgecrest Credit Company LLC, Servicer for Carvana, LLC during the pendency of the bankruptcy shall be applied to any debt owed by the Debtor to Bridgecrest Credit Company LLC, Servicer for Carvana, LLC, in accordance with the pre-petition agreement between Carvana and the Debtor and applicable law.

**IT IS SO ORDERED.**

Dated: 5/23/2023

/s/ Dennis R. Dow
Honorable Dennis R. Dow
UNITED STATES BANKRUPTCY JUDGE

Submitted and Approved by:

/s/ Dana M. Estes

Dana M. Estes, MO Bar #47540
Staff Attorney
Office of the Chapter 13 Trustee for the Western District of Missouri
Richard V. Fink, Trustee
2345 Grand Blvd., Ste. 1200
Kansas City, Mo. 64108
816-842-1031 Telephone
816-221-8529 Facsimile


Approved by:

/s/ Evan Lincoln Moscov

Evan Lincoln Moscov, MO Bar #64415

PO Box 8305
Waukegan, IL  60079
312-969-1977 Telephone